IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BASEM ALQAQ,                              )
on behalf of himself and all others       )
similarly situated,                       )
                                          )
             Plaintiff,  )
                                          )
      v.                          )   No. 13 C 5130
                                          )
CITIMORTGAGE, INC., SAFEGUARD             )
PROPERTIES, LLC, and A&D PROPERTY         )
SERVICES, INC.,                           )
                                          )
            Defendants.  )

# **OPINION AND ORDER**

Basem Alqaq, on behalf of himself and four other groups of mortgagors, brings this putative class action against his mortgagee, CitiMortgage, Inc. ("CitiMortgage"), Safeguard Properties, LLC ("Safeguard"), and A&D Property Services, Inc. ("A&D"), defendants. Plaintiff alleges that he and the class member mortgagors were subjected to threats of dispossession or disablement of their homes and dispossessed before court orders awarded possession to the mortgagee in foreclosure actions.

In Count I of the First Amended Class Action Complaint ("FCA"), plaintiff claims violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on the part of Safeguard. Count II of he FCA charges violations of the FDCPA by Safeguard and A&D. Deception and unfair conduct in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), on the part of all defendants is charged in Count III. Count IV charges trespass against all defendants, and Count V charges invasion of privacy against all defendants. Plaintiff seeks actual and punitive damages, injunctive relief, and declaratory relief on behalf of the classes.

Federal question jurisdiction is alleged pursuant to 28 U.S.C. § 1331 because claims are made under the FDCPA. Class action jurisdiction is alleged pursuant to 28 U.S.C. § 1332(d). It is stated that the aggregate amount in controversy exceeds the sum or value of $5,000,000 and plaintiff's Illinois citizenship is different from the citizenship of CitiMortgage, a Delaware corporation, and Safeguard, a Delaware corporation with its principal place of business in Ohio. A&D has Illinois citizenship. Alternatively, supplemental jurisdiction over the state law claims is alleged pursuant to 28 U.S.C. § 1367(a).

The case is now before the court on motions of the parties to strike and dismiss. CitiMortgage has moved to strike the class allegations and answered the remaining allegations. Safeguard and A&D have moved to dismiss Counts I and II. A&D has moved to dismiss Count III. A&D has moved to strike the requests for punitive damages, declaratory relief, and injunctive relief. Plaintiff has moved to strike affirmative defenses of CitiMortgage and A&D and has moved to stay consideration of the class allegations until after discovery.

On motions to dismiss, the court assumes the truth of the FCA's factual allegations, but not its legal conclusions. ***Munson v. Gaetz***, 673 F.3d 630, 632 (7th Cir. 2012). The court may consider certain documents attached to the pleadings and information that is subject to proper judicial notice. ***Cohen v. Am. Sec. Ins. Co.***, 735 F.3d 601 (7th Cir. 2013) (quoting ***Geinosky v. City of Chicago***, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012)). Plaintiff must allege facts that establish a claim for relief that is plausible on its face and which allows the court to draw a reasonable inference that defendants are liable for the misconduct alleged. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678. (2009). Allegations of ICFA fraud or deception and the circumstances constituting the same must be pled with particularity. Fed. R. Civ. P. 9(b); ***Pirelli Armstrong Tire Corp. Retiree Med.***

*Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011); *Bywater v. Wells Fargo Bank, N.A.*, 2014 WL 1256103 *2 (N.D. Ill. March 24, 2014). Unfair conduct violating the ICFA, however, need not be pleaded with particularity. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008); *Bywater*, 2014 WL 1256103 at *2.

The FCA alleges that CitiMortgage filed a foreclosure proceeding in the Circuit Court of Cook County, Illinois in July 2010. Plaintiff did not oppose a judgment of foreclosure entered on April 12, 2012. A foreclosure sale took place on August 16, 2012. On August 30, 2012, CitiMortgage mailed a notice to plaintiff setting October 30,2012 as the date for confirmation of the sale and entry of an order of possession. The notice indicated that plaintiff had a right to remain in possession for 30 days after an order of possession in accordance with the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-1701(c).

On October 2, 2012 plaintiff discovered a notice on his front door from Safeguard which read: **"We found this property to be vacant/abandoned. This information will be reported to the mortgage holder. The mortgage holder has the right and duty to protect this property. The property will be rekeyed and/or winterized within 3 days. If this property is NOT VACANT, please**

**contact Safeguard Properties at 877-340-8482.**" Plaintiff notified a Safeguard representative that the property was not vacant. He was told to ignore the notice.

On October 12, 2012, despite the home being locked and secured, Safeguard broke into the house and "winterized" the property, stealing personal possessions including three vacuum cleaners, a refrigerator, three ladders, two flat wheelers, a tool box filled with tools, a drill, a lawn mower, carpet, clothes, and photographs. A sticker with the following notice was left at the house. "**WARNING: A winterization was performed at this property pursuant to a work order issued by your mortgage company. The sole purpose of a winterization is to prevent damage from freezing pipes. The winterization completed at this property was a system shut-down only: the plumbing system was not tested for damage or leaks. This procedure is not a guaranty or warranty of any kind with respect to the HVAC, plumbing, or any other mechanical systems at this property. The plumbing system should be dewinterized by a licensed contractor or plumber before the water is turned back on, to assure that the system is operational.** SAFEGUARD PROPERTIES WINTERIZATION TAG SPI-012/09-09."

At the October 30, 2012 state court foreclosure hearing, plaintiff informed the judge of what had happened. The court entered an order confirming the sale which also provided, in part, as follows: "1)Basem Alqaq shall remain in possession of 7730 S. Ferdinand, Bridgeview, Illinois until November 29, 2012. 2) Plaintiff & its agents shall not enter the subject premises until after November 29, 2012. 3) Basem Alqaq shall be entitled to enter & remove any of his personal possessions until 11/29/12."

On November 2, 2012, A&D broke into the house to "winterize" the property. A&D left a sticker on the house which advised that the hot water was disconnected. The notice stated in part: "We also Trash Out & Provide all Property Preservation & Maintenance Services." A&D changed the front door lock, locking plaintiff out of the house. Plaintiff was unable to retrieve personal property and found some property to be missing.

Turning first to the application of the FDCPA, the provisions cited by the parties are as follows: "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).  "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; . . . ."  15 U.S.C. § 1692f(6)(A).

        Plaintiff contends that Safeguard and A&D are debt collectors within the meaning of the FDCPA because the action taken by them was "dispossession or disablement" in "enforcement of security interests."  Although the conduct complained of appears to have been improper and even tortious as performed, it

was, as stated in notices, to secure and winterize foreclosed property. CitiMortgage's security interest was recognized and foreclosed in proceedings under the IMFL. Plaintiff then had a 30-day possessory interest in the property. No facts alleged indicate that the action taken by Safeguard and A&D was disablement or dispossession in enforcement of security interests or debt collection.[1]

Federal mortgage regulations, Illinois law, and municipal ordinances impose strict duties on mortgagees to properly secure and protect foreclosed property from deterioration. In order to comply with law and regulations relating to foreclosed property, mortgagees employ firms who specialize in property management to perform the action required. The "principal purpose " of such businesses is not debt collection or the enforcement of security interests, but rather securing property.

---

[1] The issue of whether mortgage foreclosure itself is debt collection has split the courts. See *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 460-62 (6th Cir. 2013) ("*Glazer II*"); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006); *Frazier v. U. S. Bank Nat'l Assoc.*, 2013 WL 1337263 *10 n.6 (N.D. Ill. March 29, 2013); *Bywater*, 2014 WL 11256103 at *4-5. In the present case, it is unnecessary to resolve whether some mortgage foreclosure activity is debt collection falling within the purview of the FDCPA. Here, the mortgagee is not alleged to violate the FDCPA and it is held that the conduct of Safeguard and A&D does not violate the FDCPA.

The issue of whether entities engaged in property protection related to foreclosures, such as Safeguard and A&D, are debt collectors within the meaning of the FDCPA or entities whose conduct violates the FDCPA has divided district courts. Compare *Allen v. Chase Home Fin. LLC*, 2011 WL 3882814 *3 (N.D. Ill. Sept. 2, 2011) (not debt collectors because mortgage not in default when alleged misconduct occurred); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 822-23(N.D. Ill. 2013) (defendants conceded they were debt collectors, but FDCPA claim dismissed because unauthorized entry did not constitute dispossessing of property falling within the purview of § 1692f(6)(A)); *Gordon v. Bank of N.Y. Mellon Corp.*, 964 F. Supp. 2d 937, 948-49 (N.D. Ind. 2013) (securing and winterizing home was not act of debt collection); and *Deegan v. Safeguard Props., LLC*, 13 C 4840, Tr. at 3, 5-8 (N.D. Ill. Sept. 13, 2013) (Docket Entries 19-20) (not debt collectors because collecting debt is only a collateral consequence of their activity, not their principal activity), with *Matthews v. Homecoming Fin. Network*, 2005 WL 2387688 *4 (N.D. Ill Sept. 26, 2005) (debt collection activity under § 1692f(6)(A)); *Flippin v. Aurora Bank, FSB*, 2012 WL 3260449 *2 (N.D. Ill. Aug. 8, 2012) (violation of FDCPA adequately alleged); *Frazier*, 2013 WL 1337263 at *10 (violation based on § 1692f(6)(A) adequately

alleged); and ***Bywater***, 2014 WL 1256103 at *5-6 (debt collection activity under §1692f(6)(A)). *See also **Glazer v. Chase Home Fin. LLC***, 2010 WL 1391937 *5-6 (N.D. Ohio March 31, 2010) (Safeguard not engaging in debt collection), *aff'd in part, rev'd in part on other grounds*, ***Glazer II***, *supra*; ***Platek v. Safeguard Props. Inc.***, 2013 WL 5357157 *1 (W.D. Pa. Sept. 25, 2013) (allegations that Safeguard winterized foreclosed-upon homes were insufficient to establish it was a debt collector).

This bench follows the reasoning stated in ***Hill***, ***Gordon***, and ***Deegan***. The alleged conduct of Safeguard and A&D was incidental to debt collection and was not dispossession or disablement of property to enforce a security interest within the purview of § 1692f(6)(A). On the facts alleged in Counts I and II, it is concluded that the FDCPA does not apply. Counts I and II will be dismissed.

Count III of the FCA alleges unfair and deceptive business practices under the ICFA against all defendants. The statue is intended to protect consumers against unfair and deceptive business practices. Redress is provided for business practices that, while not deceptive, are unfair. The Act is "liberally construed to effectuate its purpose." ***Wigod v. Wells Fargo Bank, N.A.***, 673 F.3d 547, 574-75 (7th Cir. 2012).

To determine whether a business practice is unfair, the court considers whether the practice offends public policy; whether it is immoral, unethical, oppressive, or unscrupulous; and whether it causes substantial injury to consumers. ***Robinson v. Toyota Motor Credit Corp.***, 201 Ill. 2d 403, 775 N E. 2d 951, 961 (2002). On a case-by-case analysis, a practice may be unfair because of the degree to which it meets one of the criteria or because, to a lesser extent, it meets all three. ***Siegel v. Shell Oil Co.***, 612 F.3d 932, 935 (7th Cir. 2010).

Plaintiff claims violation of a court order entered in enforcement of the IMFL and trespass and theft of personal property occurring in the course of the business of winterizing and securing foreclosed property. The conduct alleged in Count III of the FAC clearly meets the test of the unfairness standard under the ICFA and sufficiently states a claim of unfairness against all defendants. *See **Hill***, 946 F. Supp. 2d at 826-27.

An ICFA deceptive conduct claim requires particularized allegations of deceptive acts or practice by the defendant, the defendant's intent that the plaintiff rely on the deception, the occurrence of the deception in a course of conduct involving trade or commerce*,* and actual damage to the plaintiff that is the result of

the deception. *Id.* at 827 (quoting ***De Bouse v. Bayer***, 235 Ill. 2d 544, 922 N.E.2d 309, 313 (2009)).

The conduct of the defendants was not deceptive. There is no allegation that plausibly reveals an intent to deceive on the part of any defendant. The postings on plaintiff's home were straightforward, even if improper when posted. The claim of deception under the ICFA does not survive. *Cf.* ***Hill***, 946 F. Supp. 2d at 827-28. Count III will be dismissed to the extent it is based on deceptive practices.

Because the ICFA unfairness claim survives, it is appropriate to consider the motions to strike the class allegations. Plaintiff seeks to certify various classes. Class A seeks statutory damages against Safeguard for violation of the FDCPA. Class B seeks injunctive and/or declaratory relief for violations of the ICFA by Safeguard and CitiMortgage in using form notices that threaten dispossession. Sub-Class B seeks actual and punitive damages for the same violations as Class B. Class C seeks actual and statutory damages for violations of the FDCPA by Safeguard and A&D for unlawful entry into Illinois homes. Class D seeks, as against all defendants, injunctive and/or declaratory relief for violations of the ICFA in order to halt further improper entry into Illinois property

owners' homes absent a court order. Sub-Class D seeks actual and punitive damages for the same violations as Class D.

Plaintiff proposes that the court delay any ruling on class certification until after a period of discovery and, presumably, its motion for class certification. However, Fed. R. Civ. P. 23(c)(1)(A) states that "[a]t an early practicable time after a person sues . . ., the court must determine by order whether to certify the action as a class action." The Supreme Court has recognized that the issues may be plain enough to determine the question from the pleadings or defer the question for later investigation. ***Gen. Tel. Co. of Sw. v. Falcon***, 457 U.S. 147, 160 (1982). In ***Kasalo v. Harris & Harris , Ltd.***, 656 F.3d 557, 563 (7th Cir. 2011), the Seventh Circuit stated a court may deny class certification even before the plaintiff files a motion for class certification if additional discovery would not be useful in resolving the class determination issues. Plaintiff has not suggested what facts to be learned in discovery would be useful in making such class determination issues. The grounds on which denial of class certification will be based do not require further factual discovery. The facts as alleged do not prevent consideration of class certification at this stage of the proceedings.

Plaintiff seeks certification under Rule 23(b)(3) with regard to Class A and Class C, and under Rule 23(b)(2) for Class B and Class D. Inasmuch as Class A and Class C allege violations of the FDCPA which has been found not to be applicable, attention must be focused on the remaining claims, classes, and sub-classes. Neither side seeks a ruling on certification regarding claims that will be dismissed.

Under Rule 23(a)(2), plaintiff must demonstrate "questions of law or fact common to the class." The requirement means that the claims must depend upon a common contention that is capable of class wide resolution--the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." ***Wal-Mart Stores, Inc. v. Dukes***, 131 S. Ct. 2541, 1551 (2011). But resolution of the issues in this case will require individual inquiry into each purported class member's circumstances. What harm occurred? Was the property entered? Were locks changed? Did such conduct occur prior to the mortgagee obtaining possession and/or the property being vacated? Who committed the acts? Was any action authorized by law or contract? Are any court orders applicable? What property was damaged or lost? "What matters to class certification . . . is not the raising of common 'questions'--even in droves--but,

rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." ***Dukes***, 131 S. Ct. at 2551 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L. Rev. 97, 132 (2009)) (ellipsis in ***Dukes***).

In addition to satisfying commonality and other Rule 23(a) requirements, plaintiff must satisfy one of the requirements of Rule 23(b). As to the remaining claims, the FAC relies only on Rule 23(b)(2) which provides that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates *exclusively or predominantly* to money damages." ***Dukes***, 131 S. Ct. at 2559 (emphasis in original). The FAC seeks money damages, primarily. The classes are seeking actual and punitive damages for past conduct. There are no allegations that support a threat of future conduct. Any injunctive relief would not provide any alleged benefit to the named plaintiff nor the proposed class, which consists of persons who had their property entered during the three-year period

*prior* to the filing of the present case. Class certification under Rule 23(b)(2) is not permitted where the class will have nothing to gain from an injunction and the declaratory relief only serves to facilitate the award of damages. ***Kartman v. State Farm Mut. Auto. Ins. Co.***, 634 F.3d. 883, 893 (7th Cir. 2011). That is the posture of this case. The remaining claims are not appropriate for Rule 23(b)(2) certification.

To the extent, plaintiff is now arguing that certification of Class B and Class D would be appropriate under Rule 23(b)(3), that Rule action requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Matters pertinent to consider include "the extent and nature of any litigation concerning the controversy already begun by or against class members; [and] the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R. Civ. P. 23(b)(3)(B)-(C). As previously indicated, the questions of law and fact common to the class members do not predominate over the questions affecting particular members. *Cf.* ***Hill***, 946 F. Supp. 2d at 831-33. Also, all of the class members have been or are in foreclosure litigation in the

Illinois courts which is governed by Illinois law.  Whether or not a court order has or has not been violated is best adjudicated in the court that issued the order.  In addition, the Illinois Attorney General has instituted an injunctive action against Safeguard in the Circuit Court of Cook County, Illinois based on the ICFA.  *See* ***People v. Safeguard Props., LLC***, No. 2013 CH 20715 (Cir. Ct. Cook Cy., Ill. Chancery Div.).  There is no useful purpose to be served by overlaying the state litigation with a federal class action involving overlapping claims.  Primarily because common questions would not predominate, a Rule 23(b)(3) class would not be certified.

The motions to strike affirmative defenses and to strike punitive damages are premature.  Those motions will be denied without prejudice.

Although the only federal claims in this case are all being dismissed, absent the class allegations being frivolous (which is not contended), jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), continues, with some exceptions, even if class certification is denied.**²**  ***Cunningham Charter***

---

**²**Because the putative classes were limited to owners of homes in Illinois, presumably almost all, and certainly more than two-thirds, of the putative class members would be citizens of Illinois.  Since one of the defendants is also an Illinois citizen, potentially the home-state exception contained in 28 U.S.C. § 1332(d)(4) would apply to preclude CAFA jurisdiction.  However, subsection (d)(4)(A) is not satisfied because at least one other overlapping class action was

*Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010). Prior to the next status hearing, plaintiff should consider whether he would prefer to voluntarily dismiss his remaining individual claims and instead refile them in state court, whether in a new action, as part of any pending case, or as a form of equitable relief in his foreclosure proceeding. Also, the parties should consider whether any pending action in state court would require that this court stay or abstain from proceeding with the present action pending resolution of the related case. Absent such circumstances or plaintiff deciding to voluntarily dismiss this action in favor of proceeding in state court, at the next status hearing a discovery schedule will be fixed.

IT IS THEREFORE ORDERED that:

(1) Defendant's motion for extension of time is terminated [42] as moot.

(2) Plaintiff's motion to stay [95] is denied.

(3) Defendants' motions to strike [43, 50, 66] are granted. Class certification is denied and the claims of the putative class members are dismissed without prejudice.

---

filed against Safeguard (*see* **Deegan**, 13 C 4840 (N.D. Ill.)) two weeks prior to the filing of the present case. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). Subsection (d)(4)(B) is not satisfied because the primary defendants are not all citizens of Illinois.

(4) Defendants' motions to dismiss [46, 73] are granted in part and denied in part. Counts I and II of the First Amended Complaint are dismissed. Count III of the First Amended Complaint is dismissed to the extent it is based on deception.

(5) The motions to strike prayers for relief and defenses [60, 70, 76] are denied without prejudice.

(6) A status hearing will be held on May 29, 2014 at 2:00 p.m.


      ENTER:


*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 29, 2014